JOHN GOSS v. PATRICK MEEHAN and Another.[1]

May 10, 1901.

Nos. 12,492—(40).

**Conversion of Logs—Title.**

In an action to recover damages for the conversion of logs, evidence examined, and *held* insufficient to show title thereto in appellant.

Action in the district court for Red Lake county to recover $367.04 for conversion of certain saw logs. The case was tried before Watts, J., who, at the close of plaintiff's testimony, granted defendants' motion for a dismissal of the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. S. Stewart,* for appellant.

*Henry W. Lee,* for respondents.

LEWIS, J.

This action is brought to recover the value of certain logs alleged to have been converted by defendants to their own use while in a boom in Red Lake river, in Red Lake county, Minnesota. The answer, in effect, is a general denial, and at the close of plaintiff's case defendants moved for a dismissal of the action upon the ground that it appeared from the evidence that the logs sought to be recovered for were cut and removed prior to plaintiff's obtaining title to the land upon which the timber stood. The motion was granted, and plaintiff appealed from an order denying a motion for a new trial.

The record shows the action was begun in Red Lake county, and that the timber was cut in Beltrami county. Conceding it appears

1 Reported in 85 N. W. 1010.

from the evidence that respondents cut the timber and removed the logs to Red Lake county, where they were converted into lumber, appellant has failed to prove himself the owner of the land from which the logs were taken at the time the timber was cut. Although the logs were converted into lumber after being brought into Red Lake county, the time of such conversion relates back to the time of cutting down the trees. According to appellant's evidence, the timber was cut on or about April 1, 1899. And the only evidence as to his title is a patent from the United States to John Goss, of Anoka county, Minnesota, of date May 31, 1899, which patent recites its issuance in accordance with the provisions of the act of congress of April 24, 1820. At the head of the patent are the words, "Chippewa Pine Lands"; but there is nothing in the instrument indicating under what act it was issued, and the patent itself does not disclose at what time the appellant acquired any rights thereunder, prior to the issuance thereof. The only other evidence is a statement made by a witness to the effect that on March 27, 1899, he was in Crookston for the purpose of buying some government land for John Goss, and that he paid the government for the forty acres in question.

Upon the argument it was contended by appellant that title to the land was acquired under the act of congress of January 14, 1889, known as the "Nelson Act," but there is no evidence to show whether or not the purchase was made under that act. There is nothing in the record to indicate whether the witness paid the money under the Nelson act, or under some other law of the United States. There is nothing to show whether the payment claimed to have been made operated to give appellant any immediate interest. There is no proof of entry, no receipt shown to have been issued, and no inception of interest or title is shown. The mere fact of the payment of the money cannot be held to be so connected with the subsequent issue of the patent as to come within the rule of law that the patent dated back to the time of the payment of the money for its inception. There being a complete failure of proof on the part of appellant to show title at the time the timber was cut, the motion was properly granted.

Order affirmed.